**Howard E. LEIGH, Petitioner,**

v.

**The STATE OF KANSAS, Respondent.**

**No. L–1197.**

United States District Court,
D. Kansas.

April 27, 1970.

Howard E. Leigh, pro se.

MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

1. Petitioner has lodged with the clerk of this court an application for writ of habeas corpus, together with his affidavit in support of a motion for leave to proceed in forma pauperis under the provisions of 28 U.S.C.A. § 1915. Upon examination of the application, together with the documents attached thereto, the court makes the following findings and order:

2. It appears that petitioner is in custody of the warden of the Kansas State Penitentiary at Lansing, Kansas, under color of the authority of the State of Kansas by virtue of a sentence of not less than ten nor more than twenty years imposed upon Leigh on March 8, 1968 by the District Court of Sedgwick County, Division No. 5, Wichita, Kansas, upon Leigh's conviction by a jury of the offense of robbery in the first degree. Leigh took no direct appeal from his conviction and sentence. He next filed a petition for writ of habeas corpus in this court, Leigh v. Crouse, No. L–858. Apparently the only contention raised by petitioner in that proceeding was that he was wrongfully returned from Texas to Kansas prior to his state prosecution, and that he was not properly extradited from the State of Texas. Relief was denied, and the Tenth Circuit affirmed. Leigh v. Crouse (10th Cir. Nov. 4, 1969). Leigh next filed a motion for discharge under the provisions of K.S.A. 60–1507 with the trial court. Relief was denied by order entered on May 5, 1969. Leigh attempted to perfect an appeal. Counsel was not appointed by the trial court, and apparently Leigh made no application to the trial court for appointment of counsel on appeal. Instead, Leigh filed a petition for writ of habeas corpus with the Kansas Supreme Court, asking for the appointment of counsel to perfect his appeal in the K.S.A. 60–1507 proceeding. The petition for writ of habeas corpus was denied by the Kansas Supreme Court on March 17, 1970, and that court directed petitioner to file a motion with the District Court of Sedgwick County for the appointment of counsel to represent him as an indigent on appeal in the 1507 proceeding case No. C–16453 in Sedgwick County. Leigh then filed an application with the Kansas Supreme Court for modification of the order entered on April 2, 1970; again, the Supreme Court directed Leigh to file a motion in the District Court of Sedgwick County for the appointment of counsel to represent him in the appeal. This Leigh has not done.

3. Kansas Supreme Court Rule No. 121(m), set forth in 203 Kan. page XL, reads as follows:

"If a movant desires to appeal and contends he is without means to employ counsel to perfect the appeal, the District Court *shall,* if satisfied that the movant is an indigent person, appoint competent counsel to conduct such appeal * * *."

The State of Kansas, by court rule, thus provides a simple procedure whereby an indigent may secure the appointment of counsel to conduct his appeal from an adverse decision on a motion under K.S.A. 60–1507. Leigh has not followed the procedure provided by the court rule, though he has twice been directed to do so by the Kansas Supreme Court.

4. 28 U.S.C.A. § 2254 provides in applicable part as follows:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

5. The gist of Leigh's contention is that the courts of Kansas have failed to appoint counsel to conduct his appeal from an adverse ruling of the trial court on his K.S.A. 60–1507 motion, thus violating rights secured to him by the Constitution. It is readily apparent that he has not followed the procedure provided by the court rules; and that he has the right to raise, by filing a mo-

tion with the trial court, the question here presented. He has chosen not to follow the available avenues open to him in the courts of the State of Kansas. Since he has not exhausted the remedies available to him in the courts of Kansas, this court is precluded from hearing his application under 28 U.S.C.A. § 2254, the applicable portions of which are set forth above. The court concludes that the application must be dismissed.

6. It is ordered that leave to proceed in forma pauperis be granted; that the application be filed; and that the action so commenced be dismissed. The clerk is directed to send copies of this Memorandum and Order to petitioner, and to the Kansas Attorney General.